Larry W. Lee (State Bar No. 228175)
lwlee@diversitylaw.com
Kristen M. Agnew (State Bar No. 247656)
kagnew@diversitylaw.com
Nicholas Rosenthal (State Bar No. 268297)
nrosenthal@diversitylaw.com
**DIVERSITY LAW GROUP, P.C.**
515 S. Figueroa St., Suite 1250
Los Angeles, CA 90071
(213) 488-6555
(213) 488-6554 facsimile

Attorneys for Plaintiff and the Class (Additional Counsel on Next Page)

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ELISA ARROYO, as an individual and on behalf of all others similarly situated,<br><br>Plaintiffs,<br>vs.<br><br>INTERNATIONAL PAPER COMPANY, a New York corporation; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.: 5:17-cv-06211-BLF<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES FOR:**<br><br>**(1) VIOLATION OF CAL. LABOR CODE §§ 1194, 1197, AND 1197.1;**<br><br>**(2) VIOLATION OF CAL. LABOR CODE §§ 510 AND 1194;**<br><br>**(3) VIOLATION OF CAL. LABOR CODE § 2802;**<br><br>**(4) VIOLATION OF CAL. LABOR CODE §§ 226(a);**<br><br>**(5) VIOLATION OF CAL. LABOR CODE § 2698, *ET SEQ.*;**<br><br>**(6) VIOLATION OF CAL. BUS. & PROF. CODE § 17200, *ET SEQ*.**<br><br>**DEMAND OVER $25,000.00** |

WILLIAM L. MARDER, ESQ. (CBN 170131)
**Polaris Law Group LLP**
501 San Benito Street, Suite 200
Hollister, CA 95023
Tel: (831) 531-4214
Fax: (831) 634-0333
bill@polarislawgroup.com

Dennis S. Hyun (State Bar No. 224240)
dhyun@hyunlegal.com
**HYUN LEGAL, APC**
515 S. Figueroa St., Suite 1250
Los Angeles, CA 90071
(213) 488-6555
(213) 488-6554 facsimile

Attorneys for Plaintiff and the Class

**FIRST AMENDED CLASS ACTION COMPLAINT**

Plaintiff Elisa Arroyo ("Plaintiff") hereby submits this First Amended Class Action Complaint ("Complaint") against Defendants International Paper Company and Does 1 through 50 (hereinafter collectively referred to as "Defendants") as an individual and on behalf the class of all other similarly situated current and former employees of Defendants for minimum wages, overtime wages, unpaid business expense reimbursements, penalties under the California Labor Code, and for restitution as follows:

## INTRODUCTION

1. This class action is within the Court's jurisdiction under California Labor Code §§ 201-203, 221-224, 226, 510, 558, 1194, 1197, 1197.1, 2802, and the applicable Wage Orders of the California Industrial Welfare Commission ("IWC"), the Private Attorneys General Act (the "PAGA"), Labor Code § 2698, *et seq.*, and the California Unfair Competition Law (the "UCL"), Business and Professions Code § 17200, *et seq*.

2. This complaint challenges systemic illegal employment practices resulting in violations of the California Labor Code and the UCL against individuals who worked for Defendants.

3. Plaintiff is informed and believes, and based thereon alleges, that Defendants, jointly and severally, have acted intentionally and with deliberate indifference and conscious disregard to the rights of all employees in receiving minimum wages and overtime wages for all hours worked, as well as reimbursement of all business expenses.

4. Plaintiff is informed and believes, and based thereon alleges, that Defendants have engaged in, among other things a system of willful violations of the California Labor Code and the UCL by creating and maintaining policies, practices and customs that knowingly deny employees the above stated rights and benefits.

5. The policies, practices and customs of defendants described above and below have resulted in unjust enrichment of Defendants and an unfair business advantage over businesses that routinely adhere to the strictures of the California Labor Code and the UCL.

## JURISDICTION AND VENUE

6. As set forth in Defendants' Notice of Removal, Defendants contend that this

**FIRST AMENDED CLASS ACTION COMPLAINT**

Court has jurisdiction pursuant to the Class Action Fairness Act (the "CAFA"), 28 U.S.C. § 1332(d). Plaintiff takes no position on Defendants' contention at this time and reserves her right to seek remand if it is found that this Court does not have jurisdiction under the CAFA.

7. As such, this Court has jurisdiction over the violations of the California Labor Code §§ 201-203, 226, 510, 558, 1194, 1197, 1197.1, 2802, the PAGA and the UCL.

## PARTIES

8. On or about November, 22, 1998, Plaintiff was hired by the Company to work as non-exempt laborer at Defendant's facility located in Salinas, California, County of Monterey. Plaintiff performed manual labor. On or about February 22, 2017, Plaintiff resigned.

9. Plaintiff was and is the victim of the policies, practices, and customs of Defendants complained of in this action in ways that have deprived them of the rights guaranteed by California Labor Code §§ 201-203, 221-224, 226, 510, 558, 1194, 1197, 1197.1, 2802, the PAGA and the UCL.

10. Plaintiff is informed and believes, and based thereon alleges, that Defendant is a New York corporation, which maintains paper and packaging manufacturing facilities throughout the United States, including locations in the State of California.

11. Plaintiff is informed and believes, and based thereon alleges, that at all times herein mentioned Defendant and Does 1 through 50, are and were corporations, business entities, individuals, and partnerships, licensed to do business and actually doing business in the State of California. As such, and based upon all the facts and circumstances incident to Defendants' business, Defendants are subject to California Labor Code §§ 201-203, 221-224, 226, 510, 558, 1194, 1197, 1197.1, 2802, the PAGA and the UCL.

12. Plaintiff does not know the true names or capacities, whether individual, partner or corporate, of the Defendant sued herein as Does 1 through 50, inclusive, and for that reason, said Defendants are sued under such fictitious names, and Plaintiff prays for leave to amend this complaint when the true names and capacities are known. Plaintiff is informed and believes and based thereon alleges that each of said fictitious Defendants was responsible in some way for the matters alleged herein and proximately caused Plaintiff and members of the general public and

class to be subject to the illegal employment practices, wrongs and injuries complained of herein.

13. At all times herein mentioned, each of said Defendants participated in the doing of the acts hereinafter alleged to have been done by the named Defendants; and furthermore, the Defendants, and each of them, were the agents, servants and employees of each of the other Defendants, as well as the agents of all Defendants, and at all times herein mentioned, were acting within the course and scope of said agency and employment.

14. Plaintiff is informed and believes, and based thereon alleges, that at all times material hereto, each of the Defendants named herein was the agent, employee, alter ego and/or joint venturer of, or working in concert with each of the other co-Defendants and was acting within the course and scope of such agency, employment, joint venture, or concerted activity. To the extent said acts, conduct, and omissions were perpetrated by certain Defendants, each of the remaining Defendants confirmed and ratified said acts, conduct, and omissions of the acting Defendants.

15. At all times herein mentioned, Defendants, and each of them, were members of, and engaged in, a joint venture, partnership and common enterprise, and acting within the course and scope of, and in pursuance of, said joint venture, partnership and common enterprise.

16. At all times herein mentioned, the acts and omissions of various Defendants, and each of them, concurred and contributed to the various acts and omissions of each and all of the other Defendants in proximately causing the injuries and damages as herein alleged. At all times herein mentioned, Defendants, and each of them, ratified each and every act or omission complained of herein. At all times herein mentioned, Defendants, and each of them, aided and abetted the acts and omissions of each and all of the other Defendants in proximately causing the damages as herein alleged.

## CLASS ACTION ALLEGATIONS

17. **Definition:** The named individual Plaintiff seeks class certification, pursuant to FRCP 23. Plaintiff proposes the following Classes:

a. All non-exempt manufacturing employees who were employed by Defendants in the State of California at any time from January 31, 2017, through the present (the

"Class");

b. Plaintiff also proposes a Subclass of manufacturing employees who were employed by Defendants in the State of California at any time from September 27, 2013, through the present, and who paid for uniforms (the "Expense Reimbursement Class"); and

c. Plaintiff also proposes a Class of **<u>all non-exempt</u>** employees who were employed by Defendants in the State of California and who were paid overtime wages at any time from September 27, 2016, through the present (the "Wage Statement Class").

18. **Numerosity and Ascertainability:** The members of the Class are so numerous that joinder of all members would be impractical, if not impossible. The identity of the members of the Class is readily ascertainable by review of Defendants' records, including payroll records. Plaintiff is informed and believes, and based thereon alleges, that Defendants: (a) failed to pay employees minimum wages for time spent donning and doffing protective gear before they were clocked-in and after they were clocked-out in violation of Labor Code §§ 1194 and 1197; (b) failed to pay employees overtime wages for time spent donning and doffing protective gear before they were clocked-in and after they were clocked-out in violation of Labor Code §§ 510 and 1194; (c) failed to reimburse employees for all business expenses, including requiring payments and/or deductions from wages for uniforms, in violation of Labor §§ 221-224 and 2802; (d) failed to provide accurate, itemized wage statements in violation of Labor Code § 226; and (e) engaged in unfair business practices in violation of the California Labor Code, the applicable IWC Wage Orders, and the UCL.

19. **Adequacy of Representation:** The named Plaintiff is fully prepared to take all necessary steps to represent fairly and adequately the interests of the class defined above. Plaintiff's attorneys are ready, willing and able to fully and adequately represent the class and the individual Plaintiff. Plaintiff's attorneys have prosecuted and settled wage-and-hour class actions in the past and currently have a number of wage-and-hour class actions pending in California state and federal courts.

20. Defendants uniformly administered a corporate policy, practice of: (a) failing to

pay employees minimum wages for time spent donning and doffing protective gear before they were clocked-in and after they were clocked-out in violation of Labor Code §§ 1194 and 1197; (b) failing to pay employees overtime wages for time spent donning and doffing protective gear before they were clocked-in and after they were clocked-out in violation of Labor Code §§ 510 and 1194; (c) failing to reimburse employees for all business expenses, including requiring payments and/or deductions from wages for uniforms, in violation of Labor §§ 221-224 and 2802; (d) failing to provide accurate, itemized wage statements in violation of Labor Code § 226; and (e) engaging in unfair business practices in violation of the California Labor Code, the applicable IWC Wage Orders, and the UCL.

21. Plaintiff is informed and believes, and based thereon alleges, that this corporate conduct is accomplished with the advance knowledge and designed intent to willfully and intentionally fail to accurately record proper rates of pay, hours worked, net wages, and deductions.

22. Plaintiff is informed and believes, and based thereon alleges, that Defendants had a consistent and uniform policy, practice and procedure of willfully failing to comply with Labor Code §§ 201-203, 221-224, 226, 510, 558, 1194, 1197, 1197.1, 2802, and the UCL.

23. **Common Question of Law and Fact:** There are predominant common questions of law and fact and a community of interest amongst Plaintiff and the claims of the Class concerning Defendant's policy and practice of: (a) failing to pay employees minimum wages for time spent donning and doffing protective gear before they were clocked-in and after they were clocked-out in violation of Labor Code §§ 1194 and 1197; (b) failing to pay employees overtime wages for time spent donning and doffing protective gear before they were clocked-in and after they were clocked-out in violation of Labor Code §§ 510 and 1194; (c) failing to reimburse employees for all business expenses, including requiring payments and/or deductions from wages for uniforms, in violation of Labor §§ 221-224 and 2802; (d) failing to provide accurate, itemized wage statements in violation of Labor Code § 226; and (e) engaging in unfair business practices in violation of the California Labor Code, the applicable IWC Wage Orders, and the UCL.

24. **Typicality:** The claims of Plaintiff are typical of the claims of all members of the Class in that Plaintiff suffered the harm alleged in this Complaint in a similar and typical manner as the Class members. As with all other non-exempt manufacturing employees, Plaintiff was required to don and doff required protective gear before she clocked in and after she clocked out. This donning and doffing was always performed off-the-clock and included without limitation, putting and taking off coveralls, steel toed boots, safety glasses, ear plugs, and gloves. Plaintiff, as with all other non-exempt employees, received inaccurate wage statements in violation of Labor Code § 226(a). In addition to Defendant's failure to accurately list the total hours and hourly rates for all of the unpaid wages as a result of requiring employees to don and doff off-the-clock, Defendant also failed to accurately list the overtime and regular rates and hours on wage statements issued to Plaintiff and the Class. Specifically, when Defendant paid Plaintiff and other employees overtime, Defendant listed the incorrect overtime rate of pay at ½ of the regular rate of pay. Instead, the overtime rate should have been listed at the correct overtime rate of 1.5x the regular rate for any hours over 40 hours in a workweek, or 8 hours in a workday. Further, Defendant also violated Labor Code § 226(a) by double-counting the overtime and regular hours worked, resulting in an incorrect listing of total hours worked. As such, the Company violated Labor Code § 226(a)(2) and (9). Defendant also violated Labor Code §§ 221-224, and 2802, with respect to Plaintiff and the Class. Specifically, Defendant failed to reimburse Plaintiff and the Class for all business-related expenses, including without limitation, the costs of cleaning and maintaining uniforms. Further, Defendant would deduct monies from the wages of Plaintiff and the Class for uniforms. This item would appear as a deduction for "Uniform Local" on the wage statement and for Plaintiff, she was charged $7.50 on her wage statements for this item. Therefore, Plaintiff is a member of the Class and have suffered the alleged violations of California Labor Code §§ 201-203, 221-224, 226, 510, 558, 1194, 1197, 1197.1, 2802 and the UCL.

25. The California Labor Code and upon which Plaintiff bases these claims are broadly remedial in nature. These laws and labor standards serve an important public interest in establishing minimum working conditions and standards in California. These laws and labor

**FIRST AMENDED CLASS ACTION COMPLAINT**

standards protect the average working employee from exploitation by employers who may seek to take advantage of superior economic and bargaining power in setting onerous terms and conditions of employment.

26. The nature of this action and the format of laws available to Plaintiff and members of the Class identified herein make the class action format a particularly efficient and appropriate procedure to redress the wrongs alleged herein. If each employee were required to file an individual lawsuit, the corporate Defendants would necessarily gain an unconscionable advantage since it would be able to exploit and overwhelm the limited resources of each individual plaintiff with their vastly superior financial and legal resources. Requiring each Class member to pursue and individual remedy would also discourage the assertion of lawful claims by employees who would be disinclined to file an action against their former and/or current employer for real and justifiable fear of retaliation and permanent damage to their careers at subsequent employment.

27. The prosecution of separate actions by the individual class members, even if possible, would create a substantial risk of (a) inconsistent or varying adjudications with respect to individual Class members against the Defendants and which would establish potentially incompatible standards of conduct for the Defendants, and/or (b) adjudications with respect to individual Class members which would, as a practical matter, be dispositive of the interest of the other Class members not parties to the adjudications or which would substantially impair or impede the ability of the Class members to protect their interests. Further, the claims of the individual members of the Class are not sufficiently large to warrant vigorous individual prosecution considering all of the concomitant costs and expenses.

28. Such a pattern, practice and uniform administration of corporate policy regarding illegal employee compensation described herein is unlawful and creates an entitlement to recovery by Plaintiff and the Class identified herein, in a civil action, for unpaid minimum wages, overtime wages, applicable penalties, reasonable attorneys' fees, and costs of suit according to the mandate of California Labor Code §§ 226, 218.5, 510, 558, 1194, 1197, 1197.1, 2698, *et seq.*, and Code of Civil Procedure § 1021.5.

29. Proof of a common business practice or factual pattern, which the named Plaintiff experienced and is representative of, will establish the right of each of the members of the Plaintiff Class to recovery on the causes of action alleged herein.

30. The Plaintiff Class is commonly entitled to a specific fund with respect to the compensation illegally and unfairly retained by Defendants. The Plaintiff Class is commonly entitled to restitution of those funds being improperly withheld by Defendants. This action is brought for the benefit of the entire class and will result in the creation of a common fund.

## FIRST CAUSE OF ACTION

## VIOLATION OF LABOR CODE §§ 1194, 1197, AND 1197.1

## (BY PLAINTIFF AND THE CLASS AGAINST ALL DEFENDANTS)

31. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 30 as though fully set for herein.

32. This cause of action is brought pursuant to Labor Code §§ 1194, 1197, and 1197.1, which require an employer to pay employees minimum wages for all hours worked less than eight hours in a day and/or less than 40 hours in a workweek.

33. As a pattern and practice, Defendants suffered and permitted employees to work without payment of minimum wages for all hours worked in a workday and workweek. Specifically, Defendants failed to pay for time spent by manufacturing employees donning and doffing protective gear before they clocked in and after they clocked out. In other words, the time spent donning and doffing was always off-the-clock. Defendants had a uniform corporate pattern and practice and procedure regarding the above practices in violation of Labor Code §§ 1194, 1197 and 1197.1.

34. Such a pattern, practice and uniform administration of corporate policy regarding illegal employee compensation as described herein is unlawful and creates an entitlement to recovery by Plaintiff and the Class in a civil action, for the unpaid balance of the full amount of damages owed, including interest thereon, penalties, attorneys' fees, and costs of suit according to the mandate of California Labor Code §§ 1194, 1197 and 1197.1.

35. Plaintiff is informed and believes and based thereon alleges that Defendant

willfully failed to pay employees proper compensation for all hours worked. Plaintiff is informed and believes and based thereon alleges that Defendant's willful failure to provide all wages due and owing them upon separation from employment results in a continued payment of wages up to thirty (30) days from the time the wages were due. Therefore, Plaintiff and other members of the Class who have separated from employment are entitled to compensation pursuant to Labor Code § 203.

## SECOND CAUSE OF ACTION

## VIOLATION OF LABOR CODE §§ 510 AND 1194

### (BY PLAINTIFF AND THE CLASS AGAINST ALL DEFENDANTS)

36. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 35 as though fully set for herein.

37. This cause of action is brought pursuant to Labor Code §§ 510 and 1194, which require an employer to pay employees overtime at a rate of one and one-half the employee's regular rate of pay for any work in excess of eight hours in a workday or 40 hours in a workweek.

38. As a pattern and practice, Defendants suffered and permitted employees to work in excess of eight hours in a workday and/or over 40 hours in a workweek without overtime pay. Specifically, Defendants failed to pay for time spent by manufacturing employees donning and doffing protective gear before they clocked in and after they clocked out. In other words, the time spent donning and doffing was always off-the-clock. Therefore, Defendant owes additional overtime pay for any time spent by Plaintiff and the Class donning and doffing in excess of 8 hours in a day and/or 40 hours in a workweek. Defendants had a uniform corporate pattern and practice and procedure regarding the above practices in violation of Labor Code §§ 510 and 1194.

39. Such a pattern, practice and uniform administration of corporate policy regarding illegal employee compensation as described herein is unlawful and creates an entitlement to recovery by Plaintiff and the Class in a civil action, for the unpaid balance of the full amount of damages owed, including interest thereon, penalties, attorneys' fees, and costs of suit according

**FIRST AMENDED CLASS ACTION COMPLAINT**

to the mandate of California Labor Code §§ 510 and 1194.

40. Plaintiff is informed and believes and based thereon alleges that Defendant willfully failed to pay employees proper compensation for all hours worked. Plaintiff is informed and believes and based thereon alleges that Defendant's willful failure to provide all wages due and owing them upon separation from employment results in a continued payment of wages up to thirty (30) days from the time the wages were due. Therefore, Plaintiff and other members of the Class who have separated from employment are entitled to compensation pursuant to Labor Code § 203.

### THIRD CAUSE OF ACTION

### VIOLATION OF LABOR CODE § 2802

### (BY PLAINTIFF AND THE CLASS AGAINST ALL DEFENDANTS)

41. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 40 as though fully set for herein.

42. This cause of action is brought pursuant to Labor Code § 2802, which provides that employees are entitled to be indemnified for expenses and losses in discharging the duties of their employers. Defendant violated this provision by failing to reimburse its manufacturing employees for all business-related expenses, including without limitation, the costs incurred to maintain uniforms. Further, Defendant would deduct monies from the wages of Plaintiff and the Class for the uniforms through a line-item on wage statements called "Uniform Local."

43. Defendant had a uniform corporate pattern and practice and procedure regarding the above practices in violation of Labor Code § 2802.

44. Such a pattern, practice and uniform administration of corporate policy regarding illegal employee compensation as described herein is unlawful and creates an entitlement to recovery by Plaintiff in a civil action, for the unpaid balance of the full amount of damages owed, including interest thereon, penalties, attorneys' fees, and costs of suit according to the mandate of California Labor Code § 2802.

### FOURTH CAUSE OF ACTION

### VIOLATION OF LABOR CODE § 226

**(BY PLAINTIFF AND THE CLASS AGAINST ALL DEFENDANTS)**

45. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 44 as though fully set for herein.

46. Defendants failed in their affirmative obligation to provide <u>accurate</u> itemized wage statements. Defendants, as a matter of policy and practice, did not provide accurate records in violation of Labor Code § 226 by failing as a matter of policy and practice to provide accurate payroll records for Plaintiff and the Class.

47. Plaintiff and the Class were paid hourly. As such, the wage statements should have reflected the number of hours worked and the applicable hourly rates, pursuant to Labor Code § 226(a). The wage statements provided to Plaintiff and the Class failed to identify such information, including without limitation, the number of hours worked and the correct applicable hourly rates for time spent donning and doffing. Moreover, when Defendant paid Plaintiff and other employees overtime, Defendant listed the incorrect overtime rate of pay at ½ of the regular rate of pay. Instead, the overtime rate should have been listed at the correct overtime rate of 1.5x the regular rate for any hours over 40 hours in a workweek, or 8 hours in a workday. Further, Defendant also violated Labor Code § 226(a) by double-counting the overtime and regular hours worked, resulting in an incorrect listing of total hours worked. As such, the Company violated Labor Code § 226(a).

48. Such a pattern, practice and uniform administration of corporate policy as described herein is unlawful and creates an entitlement to recovery by the Plaintiff and the Class identified herein, in a civil action, for all damages or penalties pursuant to Labor Code § 226, including interest thereon, attorneys' fees, and costs of suit according to the mandate of California Labor Code § 226.

**FIFTH CAUSE OF ACTION**

**VIOLATION OF LABOR CODE § 2698, *ET SEQ.***

**(AGAINST ALL DEFENDANTS BY PLAINTIFF)**

49. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 48 as though fully set for herein.

**FIRST AMENDED CLASS ACTION COMPLAINT**

50.     Plaintiff brings this cause of action on behalf as a proxy for the State of California and in this capacity, seeks penalties on behalf of all Aggrieved Employees from April 7, 2016, through the present, for Defendants' violations of Labor Code §§ 221-224, 226, 510, 512, 558, 1194, 1197, 1197.1, and 2802 arising from Defendants: (a) failure to provide accurate, itemized wage statements in violation of Labor Code § 226; (b) failure to pay minimum wages to employees for all hours worked in violation of Labor Code §§ 1194, 1197, and 1197.1; (c) failure to pay overtime to employees who worked over 40 hours in a workweek and/or 8 hours in a day in violation of Labor Code §§ 510 and 1194; and (d) failure to reimburse business expenses and/or withhold the payment of wages for these expenses in violation Labor Code §§ 221-224 and 2802.

51.     On April 7, 2017, Plaintiff submitted her written notice online to the California Labor & Workforce Development Agency ("LWDA") of Defendant's violations of Labor Code §§ 221-224, 226, 510, 558, 1194, 1197, 1197.1, and 2802, pursuant to Labor Code § 2698, *et seq.*, the Private Attorney General Act ("PAGA"), as well as provided notice to Defendants via certified mail.  As of the date of the filing of this Complaint, the LWDA has not notified Plaintiff whether it intends to investigate said violations.

52.     As such, pursuant to Labor Code § 2699(a), Plaintiff seeks recovery of any and all applicable civil penalties for Defendants' violation of Labor Code §§ 221-224, 226, 510, 558, 1194, 1197, and 1197.1, for the time periods described above, as an individual and on behalf of all other current and former Aggrieved Employees.

### SIXTH CAUSE OF ACTION

**VIOLATIONS OF THE UCL, BUSINESS & PROFESSIONS CODE § 17200, *ET SEQ*.**

**(BY PLAINTIFF AND THE CLASS AGAINST ALL DEFENDANTS)**

53.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 52 as though fully set for herein.

54.     Defendants, and each of them, have engaged and continue to engage in unfair and unlawful business practices in California by practicing, employing and utilizing the employment practices outlined above, include, to wit, by: (a) failing to pay employees minimum wages for

**FIRST AMENDED CLASS ACTION COMPLAINT**

time spent donning and doffing in violation of Labor Code §§ 1194 and 1197; (b) failing to pay employees overtime wages for time spent donning and doffing in violation of Labor Code §§ 510 and 1194; and (c) failing to reimburse business expenses and/or withhold wages for said expenses in violation of Labor Code §§ 221-224 and 2802.

55. Defendants' utilization of such unfair and unlawful business practices constitutes unfair, unlawful competition and provides an unfair advantage over Defendants' competitors.

56. Plaintiff seeks, on behalf of himself and other members of the Class similarly situated, full restitution of monies, as necessary and according to proof, to restore any and all monies withheld, acquired and/or converted by the Defendants by means of the unfair practices complained of herein.

57. Plaintiff is informed and believes, and based thereon alleges, that at all times herein mentioned Defendants have engaged in unlawful, deceptive and unfair business practices, as proscribed by California Business and Professions Code § 17200, *et seq*., including those set forth herein above thereby depriving Plaintiff and other members of the class the minimum working condition standards and conditions due to them under the California laws as specifically described therein.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment individually and all others on whose behalf this suit is brought against Defendants, jointly and severally, as follows:

1. For an order certifying the proposed classes and subclasses;
2. For an order appointing Plaintiff as the representative of the classes and subclasses as described herein;
3. For an order appointing Counsel for Plaintiff as class counsel;
4. Upon the First Cause of Action, for damages and/or penalties pursuant to statute as set forth in Labor Code §§ 201-203, 1194, 1197, and 1197.1, and for costs and attorneys' fees;
5. Upon the Second Cause of Action, for damages and/or penalties pursuant to Labor Code §§ 201-203, 510, 1194, and 1197, and for costs and attorneys' fees;

**FIRST AMENDED CLASS ACTION COMPLAINT**

6. Upon the Third Cause of Action, for damages and/or penalties pursuant to California Labor Code § 2802, and for costs and attorneys' fees;

7. Upon the Fourth Cause of Action, for penalties and/or damages pursuant to California Labor Code § 226, and for costs and attorneys' fees;

8. Upon the Fifth Cause of Action, for civil penalties according to proof pursuant to Labor Code § 2698, *et seq.*, and for costs and attorneys' fees;

9. Upon the Sixth Cause of Action, for restitution to Plaintiff and other similarly effected members of the general public of all funds unlawfully acquired by Defendants by means of any acts or practices declared by this Court to be in violation of Business and Professions Code § 17200, *et seq.*;

10. On all causes of action for attorneys' fees and costs as provided by California Labor Code §§ 218.5, 226, 510, 558, 1194, 1197, and 2698, *et seq.*, and Code of Civil Procedure § 1021.5; and

11. For such other and further relief the Court may deem just and proper.

DATED: November 30, 2017        DIVERSITY LAW GROUP, P.C.


                                By:   /s/ Larry W. Lee
                                         Larry W. Lee
                                Attorneys for Plaintiff and the Class

**FIRST AMENDED CLASS ACTION COMPLAINT**