**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| ELISA ARROYO,<br><br>Plaintiff,<br><br>v.<br><br>INTERNATIONAL PAPER COMPANY,<br><br>Defendant. | Case No. 17-cv-06211-BLF<br><br>**ORDER VACATING HEARING ON MOTION TO DISMISS; AND GRANTING MOTION IN PART AND DENYING MOTION IN PART, WITH LEAVE TO AMEND IN PART AND WITHOUT LEAVE TO AMEND IN PART**<br><br>[Re: ECF 11] |

Plaintiff Elisa Arroyo ("Arroyo") brings this putative class action against Defendant International Paper Company ("IPC"), asserting wage and hour and unfair competition claims based on IPC's alleged practices of failing to pay employees for time spent donning and doffing protective gear and failing to reimburse employees for monies expended on uniforms.

Arroyo was a class member in a prior wage and hour class action against IPC, *Letuligasenoa v. International Paper Company, et al.*, which resulted in a settlement and release of all claims which were or could have been brought in that action for the class period October 4, 2009 through January 27, 2017. IPC asserts that all of the claims asserted in the present action were or could have been brought in *Letuligasenoa* and thus that Arroyo is barred from asserting those claims for time periods which overlap the *Letuligasenoa* class period. IPC moves to dismiss Arroyo's first amended complaint ("FAC"), and specifically Claims 4 and 5, to the extent that Arroyo seeks damages and penalties for time periods prior to January 27, 2017. IPC also seeks dismissal of the entire FAC for failure to state a claim upon which relief may be granted.

The Court having determined that the motion is appropriate for disposition without oral argument, the hearing set for June 7, 2018 is VACATED. *See* Civ. L.R. 7-1(b). For the reasons discussed below, the motion is GRANTED IN PART AND DENIED IN PART, WITH LEAVE TO AMEND IN PART AND WITHOUT LEAVE TO AMEND IN PART.

## I. CLAIMS 4 AND 5 – TIME PERIODS PRIOR TO JANUARY 27, 2017

IPC moves to dismiss Claim 4, alleging violations of California Labor Code § 226, and Claim 5, brought under California's Private Attorney General Act ("PAGA"), Cal. Labor Code § 2698 *et seq.*, to the extent they seek damages and penalties for time periods prior to January 27, 2017. IPC argues that dismissal is appropriate under both Federal Rule of Civil Procedure 12(b)(1), for lack of subject matter jurisdiction, and Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim. The Court agrees that to the extent Claims 4 and 5 were released in *Letuligasenoa*, dismissal is appropriate under Rule 12(b)(1) on the basis that no case or controversy exists, *see Gator.com Corp. v. L.L. Bean, Inc.*, 398 F.3d 1125, 1132 (9th Cir. 2005), and under Rule 12(b)(6) on the basis that *Letuligasenoa* raises a collateral estoppel bar to and extinguishes the claims, *see Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 750 (9th Cir. 2006).

The *Letuligasenoa* settlement released "all wage-and-hour claims . . . arising during the Class Period, which were or could have been raised based on the facts, conduct, and/or omissions alleged in the Complaint." Def.'s RJN Exh. B, *Letuligasenoa* Settlement ¶ CC, ECF 11-2.[1] The *Letuligasenoa* complaint alleged numerous violations of the California Labor Code based failure to pay employees for pre-shift and post-shift duties, including donning and doffing gear, failure to provide required meal and rest breaks, failure to provide vacation pay, and failure to provide accurate wage statements. Def.'s RJN Exh. A, *Letuligasenoa* Complaint ¶¶ 20-37, ECF 11-2. The *Letuligasenoa* complaint expressly asserted claims under California Labor Code § 226 and PAGA, the same provisions under which Arroyo's current Claims 4 and 5 are asserted. Def.'s RJN Exh. A, *Letuligasenoa* Complaint ¶¶ 119-29, 138-53, ECF 11-2.

### A. Claim 4 – California Labor Code § 226

The Court concludes that the *Letuligasenoa* settlement and release bars Claim 4, asserting violations of § 226, to the extent it seeks damages and penalties for time periods prior to January

---

[1] The Court takes judicial notice of the complaint, settlement agreement, preliminary approval order, and final approval order filed in the *Letuligasenoa* case. *See Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) ("We may take judicial notice of court filings and other matters of public record.").

27, 2017. Section 226 requires employers to provide employees with accurate written itemized statements showing certain information, including the employer's name and address, total hours worked, and applicable hourly rates. Cal. Lab. Code § 226(a). Arroyo argues that the § 226 claim asserted in *Letuligasenoa* was based solely on IPC's failure to comply with § 226(a)(8), requiring that the itemized statement include the employer's name and address, and did not expressly encompass her current claims based on §§ 226(a)(2) and (a)(9), requiring that the itemized statement include total hours worked and applicable hourly rates. *Compare* Def.'s RJN Exh. A, *Letuligasenoa* Complaint ¶ 124, ECF 11-2, *with* FAC ¶ 47, ECF 9. This argument, however, ignores the *Letuligasenoa* complaint's numerous allegations that the itemized statements provided by IPC did not provide accurate information about total hours worked and applicable hourly rates. *See, e.g.,* Def.'s RJN Exh. A, *Letuligasenoa* Complaint ¶¶ 32-34, ECF 11-2. Thus Arroyo's current claims under §§ 226(a)(2) and (a)(9) *could have been raised* in the *Letuligasenoa* action based on the facts, conduct, and/or omissions alleged in the *Letuligasenoa* complaint.

Arroyo's reliance on the identical factual predicate doctrine is misplaced. A settlement agreement in an earlier action may preclude a party from bringing claims in a later action "where those claims depend[] on the same set of facts as the claims that gave rise to the settlement." *Hesse v. Sprint Corp.*, 598 F.3d 581, 590 (9th Cir. 2010). The *Letuligasenoa* complaint asserted a PAGA claim based in part on IPC's alleged failure to provide itemized wage statements including total hours worked and applicable hourly rates. Def.'s RJN Exh. A, *Letuligasenoa* Complaint ¶ 149, ECF 11-2. Under the identical factual predicate doctrine, Arroyo is precluded from bringing other claims based on the same set of facts for the same class period.

Accordingly, the motion to dismiss is GRANTED WITHOUT LEAVE TO AMEND as to Claim 4 to the extent it seeks damages and penalties for time periods prior to January 27, 2017.

**B.     Claim 5 - PAGA**

The Court concludes that the *Letuligasenoa* settlement and release bars the bulk of Claim 5, asserted under PAGA, to the extent it seeks damages and penalties for time periods prior to January 27, 2017. The *Letuligasenoa* complaint asserted a PAGA claim based on most of the same California Labor Code sections, and the same facts, which give rise to the PAGA claim

3

1    asserted by Arroyo in Claim 5 of the FAC. *Compare* Def.'s RJN Exh. A, *Letuligasenoa*
2    Complaint ¶¶ 138-53, ECF 11-2, *with* FAC ¶¶ 49-52, ECF 9. The bar does not extend, however,
3    to the portions of Claim 5 based on IPC's alleged practice of failing to reimburse employees for
4    monies expended on uniforms. The *Letuligasenoa* complaint did not contain any claims based on,
5    or any factual allegations regarding, failure to reimburse employees for such expenses. Because
6    the *Letuligasenoa* settlement released only those claims "which were or could have been raised
7    based on the facts, conduct, and/or omissions alleged in the Complaint," it could not have released
8    claims based on different factual allegations. *See* Def.'s RJN Exh. B, Letuligasenoa Settlement ¶
9    CC, ECF 11-2.

This ruling is consistent with decisions of other courts in this district. In *Ser Lao*, the defendant argued that a release of a Labor Code waiting time claim in a prior class action barred a Labor Code waiting time claim in a subsequent action, relying on broad language similar to that contained in the *Letuligasenoa* release. *Ser Lao v. H&M Hennes & Mauritz, L.P.*, No. 5:16-CV-00333-EJD, 2017 WL 4808814, at *4 (N.D. Cal. Oct. 25, 2017). The court rejected that argument, concluding that the later waiting time claim based on security checks, incorrect pay rate, and ATM cards, was not based on the same facts as earlier action's waiting time claim based on failure to provide meal and rest breaks. *Id.* at *4-5.

The motion to dismiss is GRANTED WITHOUT LEAVE TO AMEND as to Claim 5 to the extent it seeks damages and penalties for time periods prior to January 27, 2017, EXCEPT as to those portions of Claim 5 based on IPC's alleged practice of failing to reimburse employees for monies expended on uniforms, as to which the motion is DENIED.

## II.   ALL CLAIMS – FAILURE TO ALLEGE SUFFICIENT FACTS

IPC also moves to dismiss all claims of the FAC for failure to state a claim upon which relief may be granted. While a complaint need not contain detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

4

All of Arroyo's claims are framed in generic terms. For example, she alleges that:

> As a pattern and practice, Defendants suffered and permitted employees to work without payment of minimum wages for all hours worked in a workday and workweek. Specifically, Defendants failed to pay for time spent by manufacturing employees donning and doffing protective gear before they clocked in and after they clocked out. In other words, the time spent donning and doffing was always off-the-clock.

FAC ¶ 33, ECF 9. However, Arroyo fails to allege any specific facts showing that she or any other employee was required to don or doff protective gear at the workplace while off the clock. She fails to allege any facts showing uncompensated overtime. She similarly fails to allege any specific facts regarding IPC's alleged failure to reimburse her or any other employee for monies expended on uniforms. This Court previously has held that an employee's generic and conclusory allegations are insufficient to plausibly state claims for a "wide swath of Labor Code violations." *Bush v. Vaco Tech. Servs., LLC*, No. 17-CV-05605-BLF, 2018 WL 2047807, at *5 (N.D. Cal. May 2, 2018).

The Court notes that Arroyo mischaracterizes IPC's motion as seeking an improper determination regarding her fitness as a class representative and/or seeking a more definite statement pursuant to Federal Rule of Civil Procedure 12(e). Pl.'s Opp. at 6-9, ECF 18. IPC seeks neither of those things, but rather seeks dismissal of Arroyo's claims under Rules 12(b)(1) and (b)(6). Accordingly, the Court need not and does not address Arroyo's arguments regarding class certification and more definite statement.

The motion to dismiss is GRANTED WITH LEAVE TO AMEND as to all claims on the basis that Arroyo has failed to state a claim upon which relief may be granted.

## III. ORDER

(1) The motion to dismiss is:

    (a) GRANTED WITHOUT LEAVE TO AMEND as to Claim 4 to the extent it seeks damages and penalties for time periods prior to January 27, 2017;

    (b) GRANTED WITHOUT LEAVE TO AMEND as to Claim 5 to the extent it seeks damages and penalties for time periods prior to January 27, 2017, EXCEPT as to those portions of Claim 5 based on IPC's alleged practice of

failing to reimburse employees for monies expended on uniforms, as to which the motion is DENIED; and

      (c)    GRANTED WITH LEAVE TO AMEND as to all claims for failure to state a claim upon which relief may be granted.

(2)    Any amended pleading shall be filed on or before June 20, 2018.

Dated: May 30, 2018

_____
BETH LABSON FREEMAN
United States District Judge

6