**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| ELISA ARROYO, as an individual and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>INTERNATIONAL PAPER COMPANY,<br><br>Defendant. | Case No. 17-cv-06211-BLF<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS SECOND AMENDED COMPLAINT, WITH LEAVE TO AMEND**<br><br>[Re: ECF 29] |

Plaintiff Elisa Arroyo ("Arroyo") sues Defendant International Paper Company ("IPC") on behalf of herself and all others similarly situated, claiming that IPC fails to pay employees minimum wages for time spent donning and doffing protective gear. Arroyo also alleges that IPC fails to reimburse employees for expenses related to uniforms and unlawfully deducts monies from employees' wages for uniforms. She asserts claims under several provisions of the California Labor Code and under California's Unfair Competition Law.

The Court heard argument on IPC's motion to dismiss Arroyo's second amended complaint ("SAC") pursuant to Federal Rule of Civil Procedure 12(b)(6) on September 27, 2018. For the reasons stated on the record and discussed below, the motion is GRANTED IN PART AND DENIED IN PART, WITH LEAVE TO AMEND.

**I.      BACKGROUND**

Arroyo filed this action in the Monterey County Superior Court on September 27, 2017, after which IPC removed the action to federal district court on the basis of diversity of citizenship. *See* Notice of Removal, ECF 1. Arroyo filed a first amended complaint ("FAC") as of right on November 30, 2017, which IPC moved to dismiss for lack of subject matter jurisdiction and failure to state a claim. *See* FAC, ECF 9; Motion to Dismiss, ECF 11. The Court granted the motion to dismiss the FAC in part and denied it in part, with leave to amend in part and without leave to amend in part. *See* Dismissal Order, ECF 26. The Court concluded that certain aspects of

Arroyo's claims were barred by a settlement and release in a prior action, *Letuligasenoa*, and it dismissed those claims without leave to amend to the extent they sought damages and penalties for time periods prior to January 27, 2017. *See* Dismissal Order at 2-4. An exception to the *Letuligasenoa* bar was the portion of Claim 5 based on IPC's alleged practice of failing to reimburse employees for monies expended on uniforms. *See* Dismissal Order at 4. However, the Court found that all claims of the first amended complaint – even those not barred by *Letuligasenoa* – were subject to dismissal with leave to amend for failure to state a claim upon which relief could be granted. Dismissal Order at 4-5.

Arroyo filed the operative SAC on June 19, 2018, asserting the following claims: (1) violation of California Labor Code §§ 1194, 1197, and 1197.1 based on IPC's alleged failure to pay employees for time spent donning and doffing protective gear before they clocked in and after they clocked out; (2) violation of California Labor Code §§ 510 and 1194 based on IPC's alleged failure to pay employees overtime for time spent donning and doffing protective gear before they clocked in and after they clocked out; (3) violation of California Labor Code § 2802 based in IPC's alleged failure to reimburse employees for the cost of cleaning and maintaining uniforms and IPC's alleged practice of deducting monies from employees' wages for uniforms; (4) violation of California Labor Code § 226(a) based on IPC's alleged failure to provide accurate itemized wage statements; (5) violation of California's Private Attorney General Act ("PAGA"), California Labor Code § 2698, based on IPC's alleged Labor Code violations; and (6) violation of California's Unfair Competition Law ("UCL"), California Business & Professions Code § 17200, based on IPC's alleged Labor Code violations.

Arroyo eliminated those aspects of her pleading which the Court had found to be barred by the settlement and release in *Letuligasenoa*. However, IPC contends that Arroyo once again has failed to allege the non-barred claims with adequate specificity.

**II.   LEGAL STANDARD**

"A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted tests the legal sufficiency of a claim." *Conservation Force v. Salazar*, 646 F.3d 1240, 1241-42 (9th Cir. 2011) (internal quotation marks and citation omitted).

2

While a complaint need not contain detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

When evaluating a Rule 12(b)(6) motion, the district court must consider the allegations of the complaint, documents incorporated into the complaint by reference, and matters which are subject to judicial notice. *Louisiana Mun. Police Employees' Ret. Sys. v. Wynn*, 829 F.3d 1048, 1063 (9th Cir. 2016) (citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)).

### III. DISCUSSION

#### A. Claims 1 and 2 – Wages for Donning and Doffing

With respect to Claims 1 and 2, based on IPC's alleged failure to pay wages for time spent donning and doffing, IPC argues that Arroyo has not alleged facts showing that (a) she was under IPC's control when donning and doffing protective gear, and (b) the time spent donning and doffing was more than *de minimis*. The California Supreme Court has left open the possibility that the *de minimis* doctrine may preclude "wage claims involving employee activities that are so irregular or brief in duration that employers may not be reasonably required to compensate employees for the time spent on them." *Troester v. Starbucks Corp.*, 5 Cal. 5th 829, 848 (2018), *as modified on denial of reh'g* (Aug. 29, 2018). However, it is not apparent on the face of the SAC that Arroyo's donning and doffing activities fall within this potential bar. Moreover, even if Arroyo's allegations regarding donning and doffing were more specific, the Court would not be inclined to determine the applicability of the *de minimis* doctrine on a motion to dismiss.

The Court agrees, however, that Arroyo has failed to allege facts sufficient to show that the time spent donning and doffing is compensable. Such facts must include, at minimum, specific allegations as to *what* gear or uniform Arroyo was required to don and doff, and as to the circumstances surrounding the donning and doffing. The Court cannot tell from Arroyo's allegations what uniform, if any, she wore for work; whether that uniform is required by IPC; or

the circumstances under which she donned and doffed the uniform. At least one district court within the Ninth Circuit has held that in order to state a viable donning and doffing claim under California law the employee must allege facts showing that the employer required the employee to don or doff a uniform on work premises or under the employer's control *See Alvarez v. Hyatt Regency Long Beach*, No. CV 09-4791 GAF VBK(x), 2010 WL 11509322, at *4 (C.D. Cal. Jan. 5, 2010).

At the hearing, Arroyo's counsel argued that *Alvarez* was wrongly decided, and that Arroyo's donning and doffing claims are viable whether or not her donning and doffing activities took place at the workplace. That argument does not address Arroyo's failure to identify with particularity *what* uniform is at issue and the circumstances of Arroyo's donning and doffing that uniform. Without such basic factual allegations, neither IPC nor the Court can understand Arroyo's claims or evaluate the applicability of the cited legal authorities.

The motion to dismiss is GRANTED WITH LEAVE TO AMEND as to Claims 1 and 2.

### B. Claim 3 – Cost of Cleaning and Maintaining Uniform

With respect to Claim 3, based on IPC's alleged failure to reimburse employees for the cost of cleaning and maintaining uniforms and alleged practice of deducting monies from employees' wages for uniforms, IPC argues that Arroyo has not alleged facts showing that she was required to incur expenses for cleaning and maintaining a work uniform or that she was required to use the cleaning service for which monies were deducted from her wages. The Court agrees. Arroyo sues under California Labor Code § 2802, which requires an employer to "indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties." Cal. Lab. Code § 2802. Arroyo has not alleged what uniform she was required to wear (if any), or that she was required to incur expenses for cleaning and maintaining such uniform. Consequently, she has not alleged facts showing that the expenses in question were "necessary expenditures" within the meaning of the statute. Moreover, Arroyo has not clearly explained the circumstances of the alleged deduction from wages.

The motion to dismiss is GRANTED WITH LEAVE TO AMEND as to Claim 3.

**C.   Claims 4, 5, and 6 – Itemized Wage Statements, PAGA, and UCL**

IPC argues that Claim 4, based on IPC's alleged failure to provide accurate itemized wage statements, depends entirely on her claimed entitlement to wages for donning and doffing, and therefore falls along with Claims 1 and 2.  However, Claim 4 is based on other alleged inaccuracies in wage statements, for example, inaccuracies as to the correct overtime rate of pay, double-counting of overtime and regular hours worked, and inaccuracies as to the total hours worked.  *See* SAC ¶ 46.

IPC also argues that Claims 5 and 6, under PAGA and the UCL, are derivative of and fall with Claims 1, 2, and 3.  However, Claims 5 and 6 are based in part on the alleged inaccuracies in the wage statements described above.  *See* SAC ¶¶ 49, 52.

The Court is satisfied that Claims 4, 5, and 6 are adequately stated for pleading purposes, and it declines to address the contents of the wage statements at the level of detail requested by IPC at the motion to dismiss stage.  Accordingly, the motion to dismiss is DENIED as to Claims 4, 5, and 6.

## IV.   ORDER

(1)   The motion to dismiss the SAC is GRANTED WITH LEAVE TO AMEND as to Claims 1, 2, and 3 and DENIED as to Claims 4, 5, and 6.

(2)   Any amended pleading shall allege with specificity what uniform, if any, IPC required Arroyo to wear; the circumstances of Arroyo's donning and doffing that uniform; whether IPC required Arroyo to expend monies cleaning and maintaining the uniform; and the circumstances of the alleged deduction of wages in connection with the uniform.

(3)   Any amended pleading shall be filed on or before October 23, 2018.

(4)   Leave to amend is granted only as to Arroyo's existing claims; she may not add claims or parties without prior leave of the Court.

Dated:  October 2, 2018

_____
BETH LABSON FREEMAN
United States District Judge