Larry W. Lee (State Bar No. 228175)
lwlee@diversitylaw.com
Mai Tulyathan (State Bar No. 316704)
ktulyathan@diversitylaw.com
**DIVERSITY LAW GROUP, P.C.**
515 S. Figueroa St., Suite 1250
Los Angeles, CA 90071
(213) 488-6555
(213) 488-6554 facsimile

WILLIAM L. MARDER, ESQ. (CBN 170131)
**Polaris Law Group**
501 San Benito Street, Suite 200
Hollister, CA 95023
Tel: (831) 531-4214
Fax: (831) 634-0333
bill@polarislawgroup.com

Dennis S. Hyun (State Bar No. 224240)
dhyun@hyunlegal.com
**HYUN LEGAL, APC**
515 S. Figueroa St., Suite 1250
Los Angeles, CA  90071
(213) 488-6555
(213) 488-6554 facsimile

Attorneys for Plaintiff and the Class

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELISA ARROYO, as an individual and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>INTERNATIONAL PAPER COMPANY, a New York corporation; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.: 5:17-cv-06211-BLF<br><br>[~~PROPOSED~~] ORDER GRANTING PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT<br><br>Date:   July 14, 2022<br>Time:  9:00 A.M.<br>Dept.:  3<br><br>Complaint Filed:   September 27, 2017<br>FAC Filed:            November 30, 2017<br>SAC Filed:            June 19, 2018<br>TAC Filed:            October 23, 2018 |

**[~~PROPOSED~~] ORDER**

Plaintiff Elisa Arroyo ("Plaintiff" or "Class Representative"), having made an application pursuant to Fed. R. Civ. P. Rule 23(e) for entry of an order (a) preliminarily approving the settlement of the litigation pursuant to the Stipulation and Settlement Agreement of Class Action Claims and Amendment thereto (collectively, the "Settlement Agreement"); (b) certifying the Class for purposes of proceedings in connection with the final approval of the Settlement Agreement; (c) approving the form of the Revised Notice of Class Action Settlement attached to the Amendment ("Class Notice") and directing the manner of delivery thereof; (d) approving Larry W. Lee and Mai Tulyathan of Diversity Law Group, William L. Marder of Polaris Law Group, and Dennis S. Hyun of Hyun Legal as Class Counsel and Plaintiff as Class Representative.

IT IS HEREBY ORDERED THAT:

1. All defined terms contained herein shall have the same meaning as set forth in the Settlement Agreement executed by the Parties and filed with this Court.

2. The Settlement Agreement is hereby PRELIMINARILY APPROVED as appearing on its face to be fair, reasonable, and adequate and to have been the product of serious, informed, and extensive arm's-length negotiations among the Plaintiff and Defendant International Paper Company ("Defendant" or "IPC") (Plaintiff and Defendant collectively referred to as the "Parties"). In making this preliminary finding, the Court considered the nature of the claims, the relative strength of Plaintiff's claims, the amounts and kinds of benefits paid in settlement, the allocation of settlement proceeds among the class members, and the fact that a settlement represents a compromise of the Parties' respective positions rather than the result of a finding of liability at trial. The Court further preliminarily finds that the terms of the Settlement Agreement have no obvious deficiencies and do not improperly grant preferential treatment to any individual class member.

3. Pursuant to Federal Rule of Civil Procedure 23(a) and 23(b)(3), the Court conditionally certifies the Settlement Class defined as the following:

> All individuals who worked for International Paper Company in

the State of California as non-exempt hourly employees during the
Class Period [January 27, 2017 and June 30, 2021]

The Court finds preliminarily, and for purposes of proceeding pursuant to Fed. R. Civ. P. Rule 23(e), that the number of class members is sufficiently numerous, the class members are ascertainable based on the Defendant's records, the Plaintiff's claims are typical of those in the class, and that there is adequate and fair representation.  Accordingly, the Class is hereby CERTIFIED for the purposes of the Settlement pursuant to Fed. R. Civ. P. 23(e).

4. Pursuant to Fed. R. Civ. P. 23(g), the Court hereby APPOINTS as Class Counsel for the Settlement Class Larry W. Lee and Mai Tulyathan of Diversity Law Group, William L. Marder of Polaris Law Group, and Dennis S. Hyun of Hyun Legal.  The Court finds that Class Counsel collectively have extensive experience and expertise in prosecuting wage and hour class actions.

5. Plaintiff is approved as the class representative for the Class Members.

6. The Court finds on a preliminary basis that the proposed settlement described in the Settlement Agreement (including the monetary provisions, the plan of allocation, the release of claims, the proposed award of attorneys' fees and costs and the class representative enhancement payment) falls within the "range of reasonableness" and therefore grants preliminary approval of the Settlement Agreement.  Based on a review of the papers submitted by the Parties, the Court finds that the Agreement is the result of extensive arm's-length negotiations conducted after Class Counsel had adequately investigated the claims and became familiar with the strengths and weaknesses of those claims.  The assistance of three separate experienced mediators during the settlement process supports the Court's conclusion that the Agreement is non-collusive.

7. The Court hereby APPROVES Phoenix Settlement Administrators as the Settlement Administrator for the purposes of this settlement.

8. A hearing (the "Final Approval and Fairness Hearing") is hereby SCHEDULED to be held before the Court on December 8, 2022, at 9:00 a.m. for the following purposes:

   a. to finally approve the Settlement as fair, reasonable, and adequate and

|   |   |   |
|---|---|---|
| 1 |    | direct its consummation pursuant to the terms of the Settlement |
| 2 |    | Agreement; |
| 3 | b. | to determine whether Class Counsel and Plaintiff adequately represented |
| 4 |    | the Class for the purpose of entering into and implementing the Settlement |
| 5 |    | Agreement; |
| 6 | c. | to re-confirm the appointment of the Settlement Administrator and find |
| 7 |    | that the Settlement Administrator has fulfilled its duties under the |
| 8 |    | Settlement to date; |
| 9 | d. | to determine whether the Class Notice (i) constituted the best practicable |
| 10 |   | notice; (ii) constituted notice that was reasonably calculated, under the |
| 11 |   | circumstances, to apprise Class Members of the pendency of the Action, |
| 12 |   | and their right to exclude themselves from or object to the proposed |
| 13 |   | settlement and to appear at the Final Approval Hearing; (iii) was |
| 14 |   | reasonable and constituted due, adequate, and sufficient notice to all |
| 15 |   | persons entitled to receive notice; and (iv) met all applicable requirements |
| 16 |   | of Federal Rule of Civil Procedure 23(c)(2), due process, and any other |
| 17 |   | applicable rules or law; |
| 18 | e. | to approve the Opt-Out List and determine that the Opt-Out List is a |
| 19 |   | complete list of all Class Members who have timely and properly |
| 20 |   | requested exclusion from the Class and, accordingly, shall neither share in |
| 21 |   | nor be bound by the Final Approval order and Judgment; |
| 22 | f. | to direct that the Final Approval order and Judgment of dismissal shall be |
| 23 |   | final and entered forthwith; |
| 24 | g. | without affecting the finality of the Final Approval order and Judgment, to |
| 25 |   | direct that the Court retain continuing jurisdiction over Plaintiff, the Class, |
| 26 |   | and Defendant as to all matters concerning the administration, |
| 27 |   | consummation, and enforcement of this Settlement Agreement; |
| 28 | h. | to adjudge that, as of the Final Approval Date, Plaintiff, and all Class |

Members who have not been excluded from the Class as provided in the Opt-Out List approved by the Court, and their Legally Authorized Representatives, heirs, estates, trustees, executors, administrators, principals, beneficiaries, representatives, agents, assigns, and successors, and/or anyone claiming through them or acting or purporting to act for them or on their behalf, regardless of whether they have received actual notice of the proposed Settlement, have conclusively compromised, settled, discharged, and released the Named Plaintiff's General Released Claims (in the case of Plaintiff) and Participating Class Members' Released Claims (in the case of the Class Members) against IPC and the Released Parties, and are bound by the provisions of the Settlement Agreement;

    i.    to declare the Agreement and the Final Approval order and Judgment be binding on, and have res judicata and preclusive effect as to all pending and future lawsuits or other proceedings: (i) that encompass the Named Plaintiff's General Release and that are maintained by or on behalf of Plaintiff and/or her Legally Authorized Representatives, heirs, estates, trustees, executors, administrators, principals, beneficiaries, representatives, agents, assigns, and successors, and/or anyone claiming through them or acting or purporting to act for them or on their behalf, and (ii) that encompass the Participating Class Members' Released Claims and that are maintained by or on behalf of any Participating Class Member who has not been excluded from the Settlement Class as provided in the Opt-Out List approved by the Court and/or their Legally Authorized Representatives, heirs, estates, trustees, executors, administrators, principals, beneficiaries, representatives, agents, assigns, and successors, and/or anyone claiming through them or acting or purporting to act for them or on their behalf, regardless of whether the Participating Class

|   |   |   |
|---|---|---|
| 1 |   | Member previously initiated or subsequently initiates individual litigation |
| 2 |   | or other proceedings encompassed by the Participating Class Members' |
| 3 |   | Released Claims, and even if such Participating Class Member never |
| 4 |   | received actual notice of the Action or of the Settlement; |
| 5 | j. | to determine that the Settlement Agreement and the Settlement provided |
| 6 |   | for herein, and any proceedings taken pursuant thereto, are not, and should |
| 7 |   | not in any event be offered, received, or construed as evidence of, a |
| 8 |   | presumption, concession, or an admission by any Party of liability or non- |
| 9 |   | liability or of the certifiability or noncertifiability of a litigation class, or of |
| 10 |   | any misrepresentation or omission in any statement or written document |
| 11 |   | approved or made by any Party; provided, however, that reference may be |
| 12 |   | made to the Settlement Agreement and the Settlement provided for herein |
| 13 |   | in such proceedings as may be necessary to effectuate the provisions of the |
| 14 |   | Settlement Agreement, as further set forth in the Settlement Agreement; |
| 15 | k. | to order the preliminary approval of the Settlement, certification of the |
| 16 |   | Class and final approval of the proposed Settlement, and all actions |
| 17 |   | associated with them, were undertaken on the condition that they shall be |
| 18 |   | vacated if the Settlement Agreement is terminated or disapproved in whole |
| 19 |   | or in part by the Court, or by any appellate court and/or other court of |
| 20 |   | review, in which event the Settlement Agreement and the fact that it was |
| 21 |   | entered into shall not be offered, received, or construed as an admission or |
| 22 |   | as evidence for any purpose, including but not limited to an admission by |
| 23 |   | any Party of liability or non-liability or of any misrepresentation or |
| 24 |   | omission in any statement or written document approved or made by any |
| 25 |   | Party, or of the certifiability of a litigation class, as further provided in this |
| 26 |   | Settlement Agreement; |
| 27 | l. | to authorize the Parties, without further approval from the Court, to |
| 28 |   | mutually agree to and adopt such amendments, modifications, and |

     expansions of this Settlement Agreement, including all Exhibits hereto, as (i) shall be consistent in all material respects with the Final Approval order and (ii) do not limit the rights of Class Members; and

  m. to rule upon such other and further provisions consistent with the terms of the Agreement to which the Parties expressly consented in writing.

  9. The form of Class Notice is hereby APPROVED. No later than fourteen (14) calendar days after the Preliminary Approval Date, Defendant shall provide the Settlement Administrator with the class Database for purposes of preparing and mailing the Class Notice to Class Members. The class Database shall be confidential. The Settlement Administrator shall not provide the class Database to Class Counsel or Plaintiff or any third party or use the class Database or any information contained therein for any purpose other than to administer this Settlement. Specifically, for each Class Member, Defendant will provide the Settlement Administrator with an electronic database that shall include, if possible, for each Class Member: full name, last known mailing address, Social Security Number, hire and termination dates, number of pay periods worked during the Class Period as a Class Member, and number of pay periods worked outside of the PAGA Period, but within the Reimbursement PAGA Subgroup Period that wages were deducted for a "Uniform Local" expense as a Reimbursement PAGA Subgroup Member. No more than twenty-one (21) calendar days after entry of the Preliminary Approval Order, the Settlement Administrator shall send a copy of the Class Notice by U.S. mail to each Class Member. Before the initial mailing of the Class Notice, the Settlement Administrator shall make a good-faith attempt to obtain the most-current postal mail addresses for all former employees of Defendant by conducting a skip trace. If any Class Notice sent via U.S. mail to any Class Member is returned to the Settlement Administrator with a forwarding address, the Settlement Administrator shall forward the postal mailing to that address. If the Settlement Administrator is not provided a forwarding address, the Settlement Administrator shall attempt to locate a current mailing address for the Class Member by conducting a skip trace or using the National Change of Address Database and will mail the Class Notice to the updated address identified. The Settlement Administrator shall maintain a log detailing the instances

1 | Class Notices are returned as undeliverable.

2 | 10. The Court finds that the Class Notice constitute the best notice practicable under the circumstances and are in full compliance with the laws of the State of California, the United States Constitution, and the requirements of due process. The Court further finds that the notice fully and accurately informs the Class Members of all material elements of the proposed settlement, of the Class Members' right to dispute their share of the settlement, of the Class Members' right to be excluded from the Class, and of each Class Member's right and opportunity to object to the Settlement.

11. The Court hereby APPROVES the proposed Response Deadline of sixty (60) calendar days from the initial mailing of the Class Notice to Class Members.

12. The Court hereby APPROVES the proposed procedure for opting out of the Class. To be effective, such a request to opt out must include the Class Member's name, address, and last four digits of his or her Social Security Number; a clear and unequivocal statement that the Class Member wishes to be excluded from the Class, such as "I wish to be excluded from the *Arroyo v. International Paper* Class Settlement"; and the signature of the Class Member or his or her lawful representative. The request for exclusion must be mailed to the Settlement Administrator. The date of the postmark on the return-mailing envelope to the Settlement Administrator shall be the exclusive means used to determine whether a request for exclusion has been timely submitted. Any member of the Class who requests exclusion from the settlement will not be entitled to any share of the settlement and will not be bound by the Settlement Agreement or have any right to object, appeal, or comment thereon. Members of the Class who fail to submit a valid and timely request for exclusion shall be bound by all terms of the Agreement and the Order and Final Judgment, regardless of whether they otherwise have requested exclusion from the settlement.

13. All reasonable costs of settlement administration undertaken by the Settlement Administrator, including the mailing of Class Notice, shall be paid for as provided in the Settlement Agreement.

14. All written objections and supporting papers must be submitted to the Court either

by mailing them to the Class Action Clerk, United States District Court for the Northern District of California, San Jose Courthouse, Courtroom 3 – 5th Floor, 280 South 1st Street, San Jose, CA 95113, or by filing them in person at any location of the United States District Court for the Northern District of California, no later than the Response Deadline.  The date of the postmark on the return-mailing envelope or the filing date (respective of the method used) shall be the exclusive means used to determine whether an objection has been timely submitted.  A written objection must contain at least the following: (i) the case name and number; (ii) the objector's full name, address, and telephone number; (iii) a statement of the specific legal and factual basis for each objection argument; (iv) a statement whether the objecting person or entity intends to appear at the Final Approval Hearing, either in person or through counsel; (v) a list identifying witness(es) the objector may call at the Final Approval Hearing; and (vi) copies of any exhibit(s) the objector intends to introduce at the Final Approval Hearing.  Further, if the objector will be represented by counsel at the Final Approval Hearing, said counsel shall file a notice of appearance.  All objections shall be dated and signed by the objecting Class Member, even if the Class Member is represented by counsel.  Class Members who fail to make objections in the manner specified above shall be deemed to have waived any objections and shall be foreclosed from making any objections (whether by appeal or otherwise) to the Settlement.  Any Class Member who submits a timely written objection has the right to appear at the Final Approval/Settlement Fairness Hearing in order to present his or her objection to the Court orally, but is not required to attend.  No Class Member may appear at the Final Approval/Settlement Fairness Hearing unless he or she has filed a written objection that complies with the procedures provided in this paragraph.  Class Members who submit a request for exclusion are not entitled to object to the Settlement.

15. It is further ordered that pending further order of this Court, all proceedings in this matter except those contemplated herein and as part of the settlement are stayed.

16. All Parties are otherwise ordered to comply with the terms of the Settlement Agreement.

17. Jurisdiction is hereby retained over this Action and the Parties to the Action, and

each of the Participating Class Members for all matters relating to this Action, the Settlement Agreement, including (without limitation) all matters relating to the administration, interpretation, effectuation, and/or enforcement of the Agreement and this Order.

IT IS SO ORDERED.

Dated: July 28, 2022

_____
HON. BETH LABSON FREEMAN
UNITED STATES DISTRICT JUDGE

[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT