Larry W. Lee (State Bar No. 228175)
lwlee@diversitylaw.com
Mai Tulyathan (State Bar No. 316704)
ktulyathan@diversitylaw.com
**DIVERSITY LAW GROUP, P.C.**
515 S. Figueroa St., Suite 1250
Los Angeles, CA 90071
(213) 488-6555
(213) 488-6554 facsimile

WILLIAM L. MARDER, ESQ. (CBN 170131)
**Polaris Law Group**
501 San Benito Street, Suite 200
Hollister, CA 95023
Tel: (831) 531-4214
Fax: (831) 634-0333
bill@polarislawgroup.com

Dennis S. Hyun (State Bar No. 224240)
dhyun@hyunlegal.com
**HYUN LEGAL, APC**
515 S. Figueroa St., Suite 1250
Los Angeles, CA  90071
(213) 488-6555
(213) 488-6554 facsimile

Attorneys for Plaintiff and the Class

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| ELISA ARROYO, as an individual and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>INTERNATIONAL PAPER COMPANY, a New York corporation; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.: 5:17-cv-06211-BLF<br><br>**[PROPOSED] JUDGMENT AND ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>**\*\*AS MODIFIED BY THE COURT\*\***<br><br>Date:   December 8, 2022<br>Time:   9:00 A.M.<br>Dept.:  3 |

This matter came on for hearing on December 8, 2022, on Plaintiff Elisa Arroyo's ("Plaintiff" or "Class Representative") unopposed Motion for Attorneys' Fees and Costs and unopposed Motion for Final Approval of Class Action Settlement and for Judgment in this action on the terms set forth in the Stipulation and Settlement Agreement of Class Action Claims ("Settlement Agreement" or "Class Settlement"). Due and adequate notice having been given to the members of the Class, and the Court having considered the Settlement Agreement, all papers and proceedings held herein, and all oral and written comments received regarding the proposed Class Settlement, and having reviewed the entire record in this action, *Arroyo v. International Paper Company*, Case No. 5:17-cv-06211-BLF ("the Action"), and good cause appearing, finds that:

WHEREAS, this Court granted preliminary approval of the parties' Class Settlement in this Action on July 28, 2022 ("Preliminary Approval Order"); and

WHEREAS, the Notice of Class Action Settlement ("Class Notice") was sent to the Class Members in accordance with the Preliminary Approval Order; and

WHEREAS, a fairness hearing on the proposed Class Settlement having been duly held and a decision reached,

NOW, therefore, the Court grants final approval of the Class Settlement, and IT IS HEREBY ORDERED THAT:

1. The Court has jurisdiction over the subject matter of this Action, Defendant, and the Class Members.

2. Court approval is required for settlement of a class action. *See* Fed. R. Civ. P. 23(e) ("The claims, issues, or defenses of a certified class – or a class proposed to be certified for purposes of settlement – may be settled, voluntarily dismissed, or compromised only with the court's approval."). Before granting such approval, the district court must determine that the class meets the requirements for certification under Federal Rule of Civil Procedure 23(a) and (b). *See Staton v. Boeing Co.*, 327 F.3d 938, 952 (9th Cir. 2003). In addition, "[a]dequate notice is critical to court approval of a class settlement under Rule 23(e)." *Hanlon v. Chrysler Corp.*,

150 F.3d 1011, 1025 (9th Cir. 1998), *overruled on other grounds by Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338 (2011). Finally, under Rule 23(e)(2) the district court has "an independent obligation to ensure that any class settlement is 'fair, reasonable, and adequate,' accounting for the interests of absent class members." *Briseño v. Henderson*, 998 F.3d 1014, 1022 (9th Cir. 2021) (quoting Fed. R. Civ. P. 23(e)(2)). In particular, the district court must scrutinize the settlement for signs of collusion as required by *In re Bluetooth Headset Products Liability Litigation*, 654 F.3d 935 (9th Cir. 2011). *See Briseño*, 998 F.3d at 1023.

3. The Court has determined that the Class Notice given to the Class Members fully and accurately informed all Class Members of all material elements of the proposed Class Settlement — including the plan of distribution of Class Settlement Amount, the PAGA Payment, the application for Class Representative Enhancement to Plaintiff, and the application for Class Counsels' Award — constituted the best notice practicable under the circumstances, constituted valid, due and sufficient notice to all Settlement Class Members, and complied fully with Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution, and any other applicable laws.

4. The Court has determined that the class meets the requirements for certification under Federal Rule of Civil Procedure 23(a) and (b). The numerosity requirement of Rule 23(a)(1) is satisfied, because joinder of the 3,690 class members would be impracticable. *See In re Cooper Companies Inc. Sec. Litig.*, 254 F.R.D. 628, 634 (C.D. Cal. 2009) ("[N]umerosity is presumed where the plaintiff class contains forty or more members."). The commonality requirement of Rule 23(a)(2) is satisfied because key issues in the case are the same for all class members. The claims of the Class Representative are "reasonably coextensive with those of absent class members," which is all that is required to meet the typicality requirement of Rule 23(a)(3). The adequacy requirement of Rule 23(a)(4) is

satisfied because the Class Representative and her counsel do not have any conflicts of interest with other class members and they have prosecuted the action vigorously on behalf of the class. *See Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 985 (9th Cir. 2011). Finally, the Court finds that common questions predominate and a class action is a superior mechanism for adjudicating the claims at issue, as required under Rule 23(b)(3).

5. The Court finds that the Class Settlement as fair, reasonable and adequate in all respects to the Settlement Class Members pursuant to Rule 23, and that there is no indicia of collusion.  The Court orders the Parties and the Settlement Administrator to implement all remaining terms of the Settlement Agreement pertaining to the distribution of the Gross Settlement Amount in accordance with the terms of the Settlement Agreement.

6. The plan of distribution as set forth in the Settlement Agreement providing for the distribution of the Gross Settlement Amount is hereby finally approved as being fair, reasonable, and adequate pursuant to Rule 23 of the Federal Rules of Civil Procedure.

7. As previously held in the Court's Preliminary Approval Order, the Class for settlement purposes is appropriate under Fed. R. Civ. P. 23 and related case law and is defined as follows:

> "All individuals who worked for International Paper Company in the State of California as non-exempt hourly employees during the Class Period [January 27, 2017 and June 30, 2021]."

8. Two individuals requested exclusion from the Class and no class members objected to the settlement.

9. As previously held in the Court's Preliminary Approval Order, the Court appoints as Class Counsel, Diversity Law Group, P.C., Polaris Law Group LLP, and Hyun Legal APC.

10. The Court approves payment of a Class Representative Enhancement of $5,000 to Plaintiff for her service to the Class, which shall be paid from, and not in addition to, the Gross Settlement Amount.

11. The Court approves the payment of attorneys' fees in the amount of $1,000,000.00 to Class Counsel, which shall be paid from, and not in addition to, the Gross Settlement Amount.

12. The Court also approves the additional payment of attorneys' costs in the amount of $30,764.05 to Class Counsel to reimburse them for their expenses, which shall be paid from, and not in addition to, the Gross Settlement Amount.

13. The Court approves a payment of up to $22,125.00 to the Settlement Administrator out of the Gross Settlement Amount.

14. Any checks for Individual Settlement Payments that are not cashed within 180 days shall be transmitted to California State Bar – Justice Gap Fund.

15. All claims asserted in this Action are DISMISSED WITH PREJUDICE as to Plaintiff and the Class Members pursuant to the terms of the Settlement Agreement. Each party shall bear his, her or its own costs and attorneys' fees, except as provided in the Settlement Agreement and as set forth above in this Judgment and Order Granting Final Approval of Class Action Settlement.

16. Each Settlement Class Member is bound by this Judgment and Order Granting Final Approval of Class Action Settlement, including, without limitation, the release of claims as set forth in the Settlement Agreement.

17. This Judgment and Order Granting Final Approval of Class Action Settlement, the Settlement Agreement, and all papers related thereto, are not, and shall not be construed to be, an admission by Defendant of any liability, claim or wrongdoing whatsoever, and shall not be offered as evidence of any such liability, claim or wrongdoing in this Action or in any other proceeding.

18. Without affecting the finality of this Judgment and Order Granting Final

Approval of Class Action Settlement, the Court reserves exclusive and continuing jurisdiction over the Action, the Plaintiff, the Settlement Class Members, and Defendant for the purposes of supervising the implementation, enforcement, construction, and interpretation of the Settlement Agreement, Preliminary Approval Order, distribution of the Gross Settlement Amount, and the Judgment and Order Granting Final Approval of Class Action Settlement.

IT IS SO ORDERED AND ADJUDGED.

Dated: December 9, 2022      By: _____

Hon. Beth Labson Freeman
UNITED STATES DISTRICT JUDGE